**PHILLIP W. FRIEDER COMPANY v SMITH BROTHERS IRON & STEEL COMPANY**

Ohio Appeals, 7th Dist, Mahoning Co

No 2430. Decided Feb 7, 1938

Barnum, Hammond, Stephens & Hoyt, Youngstown, for Appellant.

Siegel & Siegel, for Appellee.

**OPINION**

By NICHOLS, J.

The Phillip W. Frieder Company filed its action in the Common Pleas Court of Mahoning County against Smith Brothers Iron & Steel Company, setting forth two causes of action in its petition. The first cause of action pleaded that Smith Brothers Company agreed to sell to the Frieder Company eight car loads of forty tons each of number 2 hydraulic scrap at $11.50 per ton, F.O.B. cars delivered at Republic Steel Corporation, Warren, Ohio, within thirty days from the date of a contract, which was made by telephone, between The Frieder Company at Cleveland and Smith Brothers Company at Grand Rapids, Michigan. Other allegations of the first cause of action are to the effect that it is the custom of the trade, known to both parties, and, therefore, the contract of the parties, to reduce the agreement to writing; that The Frieder Company reduced the contract to writing, signed and mailed it to Smith Brothers Company, who retained it for about seven weeks, returned it unexecuted, and refused to perform the contract. It is further alleged that the freight rate from Grand Rapids, Michigan, to Warren, Ohio, is $4.708 per ton; and that the trade custom, known to Smith Brothers and the agreement between the parties, was that the freight rate should be paid by consignee and the amount there-

of deducted from the sale price, and that the parties so agreed.

The Frieder Company alleges damages in the sum of $640.00 for breach of the contract, because it was compelled to purchase scrap elsewhere at a higher price.

The second cause of action alleges substantially the same facts, but is based upon the theory that The Frieder Company is damaged in the same amount as alleged in the first cause of action by reason of the refusal of Smith Brothers Company to execute the contract.

Smith Brothers Company demurred to the petition of The Frieder Company on the ground that it did not state facts sufficient to constitute a cause of action or actions. This demurrer was sustained by the Common Pleas Court, and The Frieder Company appeals on questions of law to this court.

Apparently both parties concede the decision of the Common Pleas Court upon the demurrer to be a final order from which this appeal of law is properly prosecuted, and we conclude to determine the issue upon that basis, without, however, intending thereby to lay down any precedent as authority for the prosecution of an appeal from an order of the Common Pleas Court sustaining a demurrer to a petition in a case where there is nothing to show that the plaintiff did not desire to plead further and wherein the only order which has been made against the plaintiff upon the sustaining of the demurrer was that the petition be dismissed.

The action of the Common Pleas Court in sustaining the demurrer to plaintiff's petition is based upon the provision of §8384 GC, which provides:

"A contract to sell or a sale of any goods or choses in action of the value of twenty-five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually receive them, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

It will be noted that the above quoted section of the Code uses the phrase "of the value of twenty-five hundred dollars or upwards."

It is contended by appellant that because of the manner in which the freight was to be paid, the value of the goods sold amounted to but $2,173.44, it being reasoned by appellant that the freight, in the amount of $4.708 per ton, was required by the contract to be paid to the railroad company, and, therefore, the value of the goods to the seller at Grand Rapids, Michigan, was $11.50 per ton less $4.708 per ton, and for that reason the statute did not require the contract to be in writing, since the value of the goods so determined at Grand Rapids, Michigan, was less than $2,500.00. It is conceded that the value of the goods at the place of delivery, including the freight charge, was $3,680.00.

As we view the action from the allegations of plaintiff's petition, the value of the goods to plaintiff was their value at Warren, Ohio, the place where it is alleged the defendant agreed to deliver them; and it is immaterial in determining this value whether a part thereof be paid to the railroad company as freight and only the remainder thereof to the seller, or whether the whole amount had been paid to the seller and it had paid the freight.

The contract must be read as a whole. The plaintiff did not purchase the goods for delivery at Grand Rapids, Michigan, and the goods were of no value to plaintiff except they be delivered to him or to his consignee. The value of the goods at Warren, Ohio, necessarily included the cost of delivery at Warren, and since it is clear from the language of the petition that the value of the goods at Warren, Ohio, is $3,600.00, we think it follows that the contract for the sale thereof was required to be in writing in order that any action for the enforcement thereof could be maintained under the provisions of the above quoted section of the General Code.

There is no allegation in plaintiff's petition that anything was given in earnest to bind the contract, or in part payment, or that any note or memorandum in writing of the contract or sale was signed by the party to be charged or his agent in that behalf, or that the buyer had accepted any part of the goods, or had actually received any part of them.

It therefore seems clear that under the provisions of the quoted section the contract was not enforceable by action, and if not enforceable by action it seems equally clear that no right to damages arose in favor of the plaintiff in this case by reason of the failure of the defendant to comply therewith.

It is the conclusion of this court that the Common Pleas Court did not err in sus-

taining the demurrer to plaintiff's petition, and it follows that the judgment of that court must be and the same is affirmed.

Judgment Affirmed.

CARTER, J, concurs.

ROBERTS, J, sat in the hearing, but died before final determination herein.